UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA LOPEZ, | No. C-11-5421 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| WHIRLPOOL CORPORATION, *et al.*, | |
| Defendants. | **(Docket No. 18)** |

On October 20, 2011, Plaintiff Diana Lopez filed suit against Defendants Whirlpool Corp. and Nationwide Mutual Insurance Company in California Superior Court, raising causes of action stemming from a fire in Plaintiff's home. Compl., Docket No. 2, at 4-10. On November 8, 2011, Defendant Whirlpool removed to federal court on the basis of diversity jurisdiction. Docket No. 1. On April 19, 2012, Plaintiff filed a motion for leave to file a first amended complaint substituting Amco Insurance Co., a subsidiary of Nationwide Mutual Insurance Co., in place of Nationwide, and adding two new parties, 911 Remediation, Inc., and Servpro of NE San Jose. Docket No. 18. Adding these defendants would destroy diversity jurisdiction. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

## I. FACTUAL & PROCEDURAL BACKGROUND

In the Complaint, Plaintiff alleges as follows. Plaintiff purchased a residential fire insurance policy from Amco/Nationwide ("Amco") for her Oakland home; the policy covered the 2009-2010 term. Compl. ¶¶ 8-9. Plaintiff owned a Whirlpool dryer in that home, which caused a fire on July 21, 2010. Compl. ¶¶ 10, 13. Plaintiff alleges that the dryer was defective. Compl. ¶¶ 12-13. On July 21, 2010, Plaintiff filed a claim with Amco for benefits pursuant to her fire insurance policy.

Compl. ¶ 41. Amco has failed to settle her claim in good faith, mishandled and delayed her claim, and failed to provide her policy benefits to which she is entitled. Compl. ¶¶ 43-53. Plaintiff seeks compensatory and punitive damages, prejudgment interest, and costs of suit.

In Plaintiff's proposed First Amended Complaint ("PFAC"), Docket No. 18, she adds substantial detail to the above allegations regarding the current Defendants not relevant to the instant motion. With respect to the proposed new parties, Plaintiff alleges that Defendant Amco directed Plaintiff to engage 911 Remediation ("911") to perform a clean up of her home, including cleaning and remediating the water damage caused by the fire. PFAC ¶¶ 61-62. Plaintiff alleges 911 caused the loss of certain of Plaintiff's personal items within its control, and has damaged or destroyed other items, causing further damage to her home. PFAC ¶¶ 65, 69-71.

During the course of its work, 911 informed Plaintiff that certain portions of her home that were damaged by the fire were outside the scope of 911's contract as authorized by Amco. PFAC ¶ 63. 911 therefore recommended Plaintiff contact Servpro to address the other damages. *Id*. Plaintiff subsequently contacted Servpro to remediate other areas of her home per 911's recommendation. PFAC ¶ 66. Servpro has lost some of Plaintiff's personal items. PFAC ¶ 68.

Based on the above conduct, Plaintiff asserts a cause of action for negligence against both proposed new defendants. PFAC ¶¶ 81-89.

## II. DISCUSSION

A.  Motion to File FAC

Plaintiff seeks to file the above-described PFAC in order to add Defendants Servpro and 911, which performed remediation services on her home in the aftermath of her fire. Defendant Whirlpool opposes the motion because it claims Plaintiff is only adding these Defendants to destroy diversity jurisdiction. Docket No. 18. Whirlpool does not object to Plaintiff's PFAC insofar as it substitutes the correct entity as the insurance company defendant.

1.  Legal Standard

Whether the joinder should be permitted is governed by 28 U.S.C. § 1447(e). That statute provides as follows: "If after removal the plaintiff seeks to join additional defendants whose joinder

would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

> Courts generally consider the following factors when deciding whether to allow amendment to add non-diverse defendants: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (collecting cases identifying factors). "Under § 1447, whether to permit joinder of a party that will destroy diversity jurisdiction remains in the sound discretion of the court." *Id*. The Court considers each of these factors in turn.

    a.    <u>Rule 19</u>

Some courts have held that it is not necessary to conduct a Rule 19 analysis because, with § 1447(e), "Congress intended district courts to have a choice between the options available under § 1447(e) and Rule 19." *Cross v. Kellwood Retail Group*, No. C 08-5075 PJH, 2009 U.S. Dist. LEXIS 10065, at *15 (N.D. Cal. Feb. 3, 2009) (adding that whether a contemplated defendant is an indispensable party under Rule 19 "is not a deciding factor in the analysis"). Although arguably not necessary, a Rule 19 analysis is nonetheless helpful here.

In the instant case, Plaintiff contends 911 and Servpro are necessary parties by virtue of their participation in the effort to remediate Plaintiff's home after the fire.

> A necessary party is one "having an interest in the controversy, and who ought to be made [a] party, in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." This standard is met when failure to join will lead to separate and redundant actions.

*IBC*, 125 F. Supp. 2d at 1011. However, §1447(e) provides "a less restrictive standard . . . for joinder [than rule 19] . . . . Courts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief."

3

*Id.* at 1012 (noting that contemplated defendant who "was the principal person responsible for the acts underlying [plaintiff's] claim against Mexicana and AeroMexpress" bore "more than a tangential relationship to the cause of action"). Thus, "[n]ot all factors must be considered." *Taylor v. Honeywell Corp.*, C 09-4947 SBA, 2010 WL 1881459 (N.D. Cal. May 10, 2010) (citing *Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 534-35 (N.D. Cal.1989) (allowing joinder under section 1447(e) where motion was timely, plaintiff had stated a "facially legitimate claim" against the non-diverse defendant and no prejudice would result to defendant from the joinder).

As alleged in the instant case, proposed Defendants 911 and Servpro are only tangentially involved in the present case. Plaintiff asserts that Defendant Amco instructed Plaintiff to use 911 to assess and clean up damage from her home, and that 911's efforts were thwarted at least in part by Amco's restrictions on what kind of remediation efforts would be covered. Plaintiff further asserts that 911 led her to Servpro, and that each of these entities' services caused her damage. However, Plaintiff's allegations against the current defendants are substantively different and independent from her proposed allegations against 911 and Servpro. Her central claim is that Whirlpool's defective product cause the fire in her home, a claim wholly independent from any later cleaning efforts. In addition, Plaintiff claims that Amco failed to give her benefits under her policy to which she is entitled, including by failing to authorize and pay for remediation in areas of the house that were damaged by the fire. Allegations concerning these acts can be adjudicated independently of the acts alleged of 911 and Servpro. Whether 911 and Servpro caused *any* additional damage through their negligence is additional to and a sideshow for Plaintiff's central claims against Whirlpool and Amco.

Thus, this factor weighs against joinder.

### b. Statute of Limitations

Plaintiff concedes that there is no statute of limitations problem that would bar her from filing a separate action against 911 and Servpro. Thus, this factor weighs against joinder.

### c. Delay

As noted above, Plaintiff initiated this lawsuit in state court on October 20, 2011, and at that time did not include 911 or Servpro as defendants. Defendant Whirlpool removed to federal court

4

on November 8, 2011. Plaintiff did not file the instant motion until April 19, 2012, six months after she filed suit and five months after removal. However, Plaintiff did indicate as early as February 15, in a case management statement, that she planned to add defendants, and there appears to have been some delay as a result of case reassignment. In addition, Plaintiff's counsel states that she attempted to obtain a stipulation to file the amended complaint, but that Defendants declined to so stipulate on March 30, 2012.

There is some variation among courts as to what constitutes an unexplained and undue delay. *Zhang v. Saks Inc.*, C-09-4447 EMC, 2009 WL 5125815, at *3 (finding undue delay where Plaintiff waited four and a half months and had already filed one amended complaint); *Bakshi v. Bayer Healthcare, LLC*, C07-00881 CW, 2007 WL 1232049 (N.D. Cal. Apr. 26, 2007) (finding two-month delay between filing and motion to amend unjustified); *IBC*, 125 F. Supp. 2d at 1012 (finding similar two-month delay "timely"); *Dollens*, 2011 WL 6033014 at *1 (finding five month delay unexplained but not prejudicial and therefore unimportant).

Based on the record in this case, Plaintiff's explanation for the delay is, at best, only partially justified. On the one hand, the overall delay has been only six months in total, part of which is not the fault of Plaintiff. In addition, the case is still in its very early stages, as no discovery has occurred and it does not appear that Defendant Amco has yet been served. Whirlpool has not identified any prejudice from the delay. Thus, this case is distinguishable from *Lopez v. General Motors Corp.*, 697 F.2d 1328 (9th Cir. 1983), in which the Ninth Circuit held that a delay of six months after removal and just four days prior to the hearing on a motion for summary judgment was "too late" for the plaintiff to move to amend the complaint to add new parties and remand. *Id.* at 1332. Even so, as noted above, the length of the delay has not been fully justified. Plaintiff offers no good explanation why Plaintiff waited nearly three months before suggesting these Defendants would be added.

Accordingly, this factor weighs against joinder, but is not entitled to substantial weight. *See Dollens v. Target Corp.*, C-11-03265 RMW, 2011 WL 6033014, at *2 (N.D. Cal. Dec. 5, 2011) ("Although it appears plaintiff could have acted more promptly, this case is in its early stages and

the delay does not appear to be prejudicial. Thus, while this factor favors Target, the court gives it less weight.").

        d.     Motive

Whirlpool argues that the joinder sought by Plaintiff is intended solely or primarily to defeat federal jurisdiction as evidenced by the fact that she did not seek to add 911 or Servpro to the case until after removal, despite the fact that she knew of their conduct many months ago. Although the timing is suspicious, courts have not typically ascribed bad motive to timing alone. *See Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (discussing weakness of claims); *Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1120 (N.D. Cal. 2006) (suspicious timing plus failure to explain why she wanted to add new defendants and "demonstrated indifference in determining the factual foundation and plausibility of her claims against [the new defendants]"). In *IBC*, the court "decline[d] to impute an improper motive to Plaintiff simply because Plaintiff seeks to add a non-diverse defendant post-removal. Suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." 125 F. Supp. 2d at 1012.

In this case, destroying diversity may be part of Plaintiff's goal, as Plaintiff admits she could have acted more quickly to amend. However, the Court declines to infer bad faith solely from an unjustified delay. Therefore, this factor weighs only slightly against joinder. *See Dollens*, 2011 WL 6033014 at *2-3 (finding joinder reasonable even where only motive was to remand due to validity of claims and proposed defendants' role in the action).

        e.     Validity of Claims

Whirlpool does not address this factor in opposition. In addition, while Plaintiff's claims are currently untested, it appears based on her current allegations that she will at least be able to state claims against 911 and Servpro. Therefore, this factor weighs in favor of joinder.

        f.     Prejudice

This final factor is neutral. As Plaintiff points out, the case is in the earliest stages and there is little prejudice to Defendants. On the other hand, permitting amendment would cause delay and force Defendants to return to state court solely to add defendants who will add little to the claims

currently at issue in the litigation. Plaintiff has pointed to nothing which prevents Plaintiff from pursuing claims against 911 and Servpro in state court.

### III. CONCLUSION

Taking into account the above factors, they largely weigh against joinder. Given the proposed defendants' minor 1and independent role in the events underlying Plaintiff's claims against the current defendants, and given Plaintiff's ability to pursue any claims against those defendants through a separate action, the Court declines to allow Plaintiff to destroy diversity jurisdiction in the instant case. Plaintiff's motion is **DENIED**.

This Order disposes of Docket No. 18.

IT IS SO ORDERED.

Dated: June 12, 2012

_____
EDWARD M. CHEN
United States District Judge