UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA LOPEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>WHIRLPOOL CORPORATION, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-11-5421 EMC<br><br>**ORDER GRANTING DEFENDANT AMCO'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>**(Docket No. 35)** |

## I.    INTRODUCTION

      Defendant Amco seeks a temporary restraining order ("TRO") enjoining the Alameda Superior Court from proceeding with Plaintiff's case in state court. Defendant argues that the state court has allowed Plaintiff to proceed with her case, despite the fact that the case has been removed to federal court in this action. Plaintiff filed an amended complaint in state court on July 13, 2012, adding 911 Remediation and Servpro (parties this Court had previously denied leave to add in federal court), and also adding Amco to the state court action. Amco has already answered Plaintiff's complaint in federal court as of July 20, 2012, before it was served with Plaintiff's state court complaints on August 2, 2012.[1] There is no dispute that the amended state court complaint is in the *same action* as the case that has been removed to this Court (State Court Case No. RG11600794); Plaintiff did not file a new action.

---

[1] As the Court indicated on the record, the Court's prior order denying Plaintiff leave to amend her complaint in this action neglected to grant her request to substitute Defendant Amco for Defendant Nationwide. The Court now grants Plaintiff's request *nunc pro tunc*, and Defendant Amco is deemed properly named in this action in place of Defendant Nationwide.

Defendant states that the state court clerk, while acknowledging the removal, indicated that the court would proceed with the case in light of Plaintiff's amended complaint unless instructed otherwise. Defendant therefore seeks a TRO because its responsive pleading is due in state court on August 31, 2012. Plaintiff has received notice of the application, has filed a response, and appeared at the hearing on the application.

Having considered the parties' briefing and oral argument, and for the reasons set forth below, the Court **GRANTS** Defendant Amco's application for a TRO.

## II. DISCUSSION

### A. Legal Standard

The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. *See Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir. 2011), *cert. denied*, 131 S. Ct. 2929 (2011). The moving party must demonstrate: (1) the moving party's likely success on the merits; (2) likely irreparable harm to the moving party in the absence of preliminary relief; (3) the balance of equity tips in the moving party's favor; and (4) that the injunction is in the public interest. *Id.* (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The moving party bears the burden of persuasion, and must make a clear showing. *Winter*, 555 U.S. at 22.

### B. Application

The Court finds that Amco has made a sufficient showing to justify entry of a TRO. First, "the Supreme Court has held that the statute governing removal procedures, 28 U.S.C. § 1446, provides express authorization to enjoin state proceedings in removed cases." *Quackenbush v. Allstate Ins. Co.*, 121 F.3d at 1378 (citing *Mitchum v. Foster*, 407 U.S. 225, 234 & n. 12 (1972)). Section 1446(d) provides:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446(d). Thus, "after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case. . . . Any subsequent proceedings in

state court on the case are void *ab initio*." *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1254-55 (11th Cir. 1988) (citing *Steamship Co. v. Tugman*, 106 U.S. 118, 122 (1882)). "Moreover, the party who removed the case is not obligated to appear in state court and litigate the suit on the merits if the state court exercises jurisdiction in defiance of the removal." *Id.* at 1255 n.12 (citing *Steamship*, 106 U.S. at 123). Thus, Defendant has demonstrated that the state court lacks jurisdiction to act in the same action in state court that has already been removed, and that it would be likely to succeed on the merits of a claim for injunctive relief to prevent such an occurrence.

Second, Defendant argues it will suffer irreparable harm if no injunction issues because it could face default judgment in state court if it misses its responsive pleading deadline of August 31, 2012. Defendant further argues that any state court action is in direct contravention of Article III, Section 2, Clause 1 of the United States Constitution, as well as the federal removal statute. The Court agrees that Amco would suffer irreparable harm if forced to litigate in an action over which the state court has no jurisdiction or face the risk of a default judgment.

Third, the balance of equities clearly favors Defendant here, as Plaintiff has no right to proceed in the same matter in two courts simultaneously. Nor will Plaintiff suffer any harm if forced to file a separate action in state court, as Plaintiff's counsel conceded at oral argument. This order is without prejudice to Plaintiff's ability to file a new action in state court; it merely prevents her from proceeding in the already-removed action.

Finally, the public has an interest in ensuring the supremacy of federal law. *See Am. Trucking Assoc., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1059-60 (9th Cir. 2009) (describing the public interest represented by "the Constitution's declaration that federal law is to be supreme"). Accordingly, the Court finds that Defendant's application for a TRO meets the *Winter* test.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Amco's application for a TRO and **ORDERS** that the California Superior Court for the County of Alameda, Hon. Gail Bereola, Plaintiff, and their agents, officers, assigns, and all persons acting in concert with them are hereby temporarily enjoined and restrained from proceeding any further with case number RG11600794 in the Superior Court unless or until this case is remanded. This Order shall be immediately served by

Amco upon Plaintiff and the California Superior Court for the County of Alameda, Hon. Gail Bereola. For good cause shown, the Court extends this TRO for 28 days. Fed. R. Civ. P. 65.

If the parties are unable to stipulate to the entry of a preliminary injunction, Plaintiff is directed and required to appear before the Court, the undersigned Judge presiding, in the San Francisco Courthouse, Courtroom 5, 17th Floor, located at 450 Golden Gate Avenue, San Francisco, California on Friday, September 28, 2012, at 1:30 p.m., to show cause why the Superior Court should not be subjected to a preliminary injunction enjoining it as prayed by AMCO's Motion for a Preliminary Injunction. Docket No. 35, Ex. 3. Any opposition to the motion must be filed no later than September 21, 2012. If the parties stipulate to the entry of a preliminary injunction, said stipulation shall be filed no later than September 21, 2012.

This Order is without prejudice to Plaintiff's ability to file a separate action in state court against 911 Remediation, Servpro, and/or Amco. If Plaintiff chooses to file an action against Amco in state court, and if the parties are unable to stipulate to Amco's dismissal from this action as Plaintiff has requested, Plaintiff may file a motion to dismiss Amco from the complaint and Amco's counterclaims herein no later than 30 days from the date of this order.

As indicated at the hearing, there does not appear to be any reason why Plaintiff cannot elect to prosecute the tort action against Whirlpool in federal court and pursue its claim regarding insurance coverage and bad faith against Amco (and the failure to properly remediate by 911 Remediation and Servpro) in state court.

This order disposes of Docket No. 35.

IT IS SO ORDERED.

Dated: September 4, 2012

_____
EDWARD M. CHEN
United States District Judge