UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>WHIRLPOOL CORPORATION, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-5421 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM DEFAULT AND MOTION TO DISMISS DEFENDANT AND COUNTERCLAIMANT AMCO**<br><br>**(Docket Nos. 47, 52, 53)** |

Pending before the Court are Plaintiff's motion for relief from default and Plaintiff's motion to dismiss Defendant and Counterclaimant Amco. Due largely to confusion as to whether Amco had been properly substituted as a defendant, Plaintiff failed to timely respond to Amco's answer and counterclaim for declaratory judgment. Amco sought and received entry of default shortly after this Court clarified that Amco had been substituted. Less than a week after the entry of default, Plaintiff filed a motion to dismiss Amco as a defendant and Amco's counterclaim. She later filed a motion for relief from entry of default. Plaintiff has indicated that she intends to file suit against Amco in state court with along with two other defendants who this Court has declined to add to this case. At a hearing on November 2, 2012 this Court granted both of Plaintiff's motions. This order supplements and summarizes the reason for the Court's order.

**I. DISCUSSION**

A.    <u>Motion for Relief from Default</u>

Under Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Under Ninth Circuit case law, a court considers three factors in

determining whether there is good cause: (1) whether the defaulting party engaged in culpable conduct that led to the default; (2) whether the defaulting party had a meritorious defense; or (3) whether reopening the default judgment would prejudice the non-defaulting party. *See Franchise Holding II, LLC. v. Huntington Rest.'s Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). A court may deny a motion to set aside a default on the basis of any of the three factors. *See id.* at 926; *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The defaulting party bears the burden of showing that the factors favor setting aside the default. *See id.* Underlying the above analysis is a strong public policy in favor of resolving a case on its merits. *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985) (noting that default judgments are generally disfavored so that, "[w]henever it is reasonably possible, cases should be decided upon their merits").

Here, all three factors favor granting Plaintiff's motion for relief. Given the confusion about whether Amco was a party (caused in part by this Court's order which omitted ruling on Plaintiff's motion to include Amco as a defendant), Plaintiff has not acted culpably. She filed her motion to dismiss within 21 days of receiving clarification that Amco was a proper defendant and reasonably expected that this would moot any dispute between Plaintiff and Amco and Nationwide. This prompt response distinguishes this case from *Franchise Holding*, where the plaintiffs did not respond to the complaint until the defendants began collecting on the default judgment, more than a year after the initial complaint was filed. 375 F.3d 922, 925-26 (9th Cir. 2004). Additionally, Plaintiff has asserted a meritorious defense; she denies many of the key facts underlying Amco's counterclaim. Furthermore, the parties agree that Amco would experience no legally cognizable prejudice from set aside of the default.

For these reasons, this Court granted Plaintiff's motion for relief from default.

B.  Motion to Dismiss Amco

Plaintiff has filed a motion to dismiss Amco as a defendant from this action, and to dismiss Amco's counterclaim against Plaintiff. Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiff is entitled to dismiss her claim against Amco, as this Court has independent jurisdiction over Amco's counterclaim as required under the Rule. Amco argues that it would suffer prejudice

from the dismissal because it would be forced to litigate the same issues in two fora simultaneously. This, however, is a problem of Amco's own making; it could solve this problem by stipulating to a dismissal of its counterclaim in this forum and litigating the claims against it in state court as Plaintiff seeks to do. Accordingly, this Court granted Plaintiff's motion to dismiss her claim against Amco.

While Rule 41(a)(2) generally contemplates that any counterclaims will remain pending if a plaintiff chooses to pursue voluntary dismissal of her claims, the Ninth Circuit has found that a district court may be within its discretion to dismiss a counterclaim for declaratory judgment (as the counterclaim herein seeks) under some circumstances. Whether dismissal of a counterclaim for declaratory judgment is appropriate is analyzed not under Rule 41(a)(2), but under the Declaratory Judgment Act. *McGraw-Edison Co. v. Preformed Line Products Co.*, 362 F.2d 339, 342 (9th Cir. 1966); *Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001).

A district court may decline to exercise its discretion under the Declaratory Judgement Act when "another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942). *Id.* at 495. "A district court . . . when deciding whether to exercise its jurisdiction under the Declaratory Judgments Act, must balance concerns of judicial administration, comity, and fairness to the litigants." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991). The Ninth Circuit considers three factors in determining whether *Brillhart* abstention is appropriate:

> (1) whether a refusal to entertain the request for declaratory relief avoids needless decisions of state law by the federal court; (2) whether the action is a means of forum shopping; and (3) whether dismissal of the claim for declaratory relief would avoid duplicative litigation.

*Smith*, 263 F.3d at 977.[1]

---

[1] In this context, the factors favoring *Brillhart* abstention warrant the remedy of dismissal. Under *Brillhart*, "district courts have substantial latitude in deciding whether to stay or to dismiss a declaratory judgment suit in light of pending state proceedings." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). As the contemplated state court suit will allow the parties to resolve all remaining disputes between them, there is no reason to stay this action rather than dismissing it.

3

On balance, these factors weigh in favor of dismissing Amco's counterclaim for declaratory relief. First, both the claims and counterclaim currently pending before this Court concern solely issues of state law. Second, Plaintiff has recently settled her claim with Whirlpool in this action. Given that she is now dismissing her claim against Amco, Amco's counterclaim would be the only issue left pending in this case. There are thus no concerns of judicial economy that favor retaining jurisdiction over the counterclaim. Third, adjudicating Amco's counterclaim would be entirely duplicative of the claim that Plaintiff intends to bring in state court. Considerations of judicial economy as well as comity with respect to the state court, therefore, favor dismissing the counterclaim.

Given these considerations, this Court will dismiss Amco's counterclaim for declaratory relief. As Plaintiff has not yet filed her case in state court, this Court will hold the order dismissing Amco's counterclaim in abeyance until Plaintiff provides this Court with proof that she has filed suit against Amco in state court.

## II. CONCLUSION

For the foregoing reasons and those stated on the record, this Court **GRANTS** Plaintiff's motion for relief from default, **DISMISSES** Plaintiff's claims against Amco without prejudice, and **DISMISSES** Amco's counterclaim against Plaintiff without prejudice. The dismissal of Amco's counterclaim shall be held in abeyance until Plaintiff files proof that she has filed suit against Amco in state court.

This order disposes of Docket Nos. 47, 52, and 53.

IT IS SO ORDERED.

Dated: November 15, 2012

_____
EDWARD M. CHEN
United States District Judge